IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 8:08CR266 |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| GABRIEL CHAPARRO, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on the motion of defendant Gabriel Chaparro (Chaparro) for a Bill of Particulars (Filing No. 38).

The fundamental purpose of a bill of particulars is to inform the defendant of the nature of the charges against him, to prevent or minimize the element of surprise at trial, and to enable him to plead his acquittal or conviction in bar of another prosecution for the same offense when the indictment is too vague and indefinite. **United States v. Hernandez**, 299 F.3d 984, 989-90 (8th Cir. 2002); **see, e.g.**, **United States v. Wessels**, 12 F.3d 746, 751 (8th Cir. 1993); **United States v. Bortnovsky**, 820 F.2d 572, 574 (2d Cir. 1987) (per curiam); **United States v. Garrett**, 797 F.2d 656, 665 (8th Cir. 1986). The court has broad discretion in granting or denying a bill of particulars. **United States v. Stephenson**, 924 F.2d 753, 762 (8th Cir. 1991). The court, in its discretion, may order the government to provide requested supplementary details where the indictment fails sufficiently to advise the defendant of the charges and to enable him to prepare a defense. **See, e.g.**, **Garrett**, 797 F.2d at 665; **United States v. Hill**, 589 F.2d 1344, 1351-52 (8th Cir. 1979). A bill of particulars, however, is not a proper tool for discovery. **United States v. Shepard**, 462 F.3d 847, 860 (8th Cir. 2006). It is not to be utilized to provide itemized disclosure of the government's evidence at trial. **Wessels**, 12 F.3d at 750; **see also United States v. Automated Med. Labs., Inc.**, 770 F.2d 399, 405 (4th Cir. 1985); **United States v. Matlock**, 675 F.2d 981, 986 (8th Cir. 1982) ("Acquisition of evidentiary detail is not the function of the bill of particulars.").

Upon a review of the indictment and of the representations made by the parties regarding the extent of discovery made available in this matter, the court finds a bill of particulars as sought by the defendant is not warranted in this matter as he seeks evidentiary material and seeks to have the government marshal the evidence for trial. Accordingly, the motion for a Bill of Particulars will be denied.

**IT IS ORDERED:**

Chaparro's motion for a Bill of Particulars (Filing No. 38) is denied.

DATED this 15th day of January, 2009.

                                                BY THE COURT:

                                                s/Thomas D. Thalken
                                                United States Magistrate Judge