## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | 8:08CR265 |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| VICTOR BRIONES-HERNANDEZ, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | 8:08CR266 |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| GABRIEL CHAPARRO, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | 8:08CR267 |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| JUAN CORREA-GUTIERREZ | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | 8:08CR268 |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| JUAN OROZCO-OSBALDO, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | 8:08CR269 |
|     Plaintiff, | ) | |
| | ) | |
|   vs. | ) | ORDER |
| | ) | |
| JESUS ROMAN-SORIANO, | ) | |
| | ) | |
|     Defendant. | ) | |
| _____ | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | 8:08CR305 |
|     Plaintiff, | ) | |
| | ) | |
|   vs. | ) | ORDER |
| | ) | |
| ENRIQUE HURTADO-CERVANTES, | ) | |
| | ) | |
|     Defendant. | ) | |
| _____ | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | 8:08CR409 |
|     Plaintiff, | ) | |
| | ) | |
|   vs. | ) | ORDER |
| | ) | |
| OLGA ECHERIVEL, | ) | |
| | ) | |
|     Defendant. | ) | |

These matters are before the court on the following:

| CASE NUMBER | MOTION |
|---|---|
| 8:08CR265 | Government's Motion For Joinder (Filing No. 24) |
| 8:08CR266 | Government's Motion For Joinder (Filing No. 24)<br>Defendant's Objection To Joinder (Filing No. 25)<br>Defendant's Motion To Sever (Filing No. 40) |
| 8:08CR267 | Government's Motion For Joinder (Filing No. 41)<br>Defendant's Objection To Joinder (Filing No. 45) |
| 8:08CR268 | Government's Motion For Joinder (Filing No. 27) |

2

8:08CR269        Government's Motion For Joinder (Filing No. 28)
                                    Defendant's Objection To Joinder (Filing No. 32)

8:08CR305        Government's Motion For Joinder (Filing No. 18)

8:08CR409        Government's Motion For Joinder (Filing No. 6)

The government seeks to consolidate these cases for trial and several of the defendants object.  The government asserts all of the cases stem from the same alleged conspiracy to distribute and possess with intent to distribute methamphetamine in violation of, 21 U.S.C. § 846.  The defendants are charged in the separate Indictments as follows:

| Defendant | Count | Charge |
| --- | --- | --- |
| Briones-Hernandez | I | Conspiracy from 6/1/08 to 7/8/08 |
| | II | Distribution on 7/8/08 |
| Chaparro | I | Conspiracy from 12/06 to 7/8/08 |
| | II | Distribution on 1/30/08 |
| | III | Distribution on 2/13/08 |
| | IV | Possession of an unregistered firearm on 2/13/08 |
| | V | Possession of a firearm by an unlawful drug user on 2/25/08 |
| | VI | Distribution on 2/27/08 |
| | VII | Possession of a firearm by an unlawful drug user on 2/27/08 |
| | VIII | Possession of a stolen firearm on 5/8/08 |
| | IX | Possession of a firearm by an unlawful drug user on 5/12/08 |
| | X | Forfeiture of various firearms |
| Correa-Gutierrez | I | Conspiracy from 7/1/06 - 7/18/08 |
| Orozco-Osbaldo | I | Conspiracy from 12/06 - 7/18/08 |
| | II | Distribution on 4/4/08 |
| | III | Distribution on 4/7/08 |
| | IV | Distribution on 4/18/08 |
| | V | Distribution on 4/29/08 |
| Roman-Soriano | I | Conspiracy from 12/06 - 7/18/08 |
| | II | Possession of a firearm by an illegal alien on 3/13/08 |
| | III | Distribution on 4/15/08 |
| | IV | Possession of a firearm by an illegal alien on 4/15/08 |
| | V | Distribution on 4/17/08 |

3

|               | VI  | Possession of an unregistered firearm on 4/17/08 |
|---------------|-----|--------------------------------------------------|
| Hurtado-Cervantes | I   | Conspiracy from 12/06 - 7/15/08 |
|               | II  | Possession with intent to distribute on 7/15/08 |
|               | III | Forfeiture of currency |
| Echerivel     | I   | Conspiracy from 7/1/06 - 7/14/08 |
|               | II  | Forfeiture of currency |

The court heard oral arguments from counsel during a hearing on February 2, 2009. At the hearing, the government orally withdrew its motion for joinder regarding Echerivel (Filing No. 6 in 8:08CR409). Subsequent to the hearing, the government filed withdrawals of its motions for joinder regarding Chaparro (Filing No. 46 in 8:08CR266) and Roman-Soriano (Filing No. 40 in 8:08CR269). Further, Hurtado-Cervantes is scheduled for a change of plea before Senior Judge Strom on February 20, 2009 (Filing No. 31 in 8:08CR305). Accordingly the government's motion for joinder regarding Hurtado-Cervantes (Filing No. 18 in 8:08CR305) is moot.

Consequently, the only remaining motions for joinder relate to Briones-Hernandez (8:08CR265), Correa-Gutierrez (8:08CR267), and Orozco-Osbaldo (8:08CR268). Briones-Hernandez and Orozco-Osbaldo did not file an objection to joinder but joined other defendants in some of the oral arguments held on February 2, 2009.

The government relied upon its briefs in setting forth a basis for joinder of the remaining defendants and setting out a single conspiracy to possess with intent to distribute and to distribute methamphetamine. Much of Correa-Gutierrez's argument at the hearing revolved around the prejudice Correa-Gutierrez would incur by being tried in a joint trial while the firearms charges against Chaparro and Roman-Soriano were part of that same trial. All defendants' counsel argued the jury could not rationally compartmentalize the evidence against each defendant in a joint trial even if the jury was properly instructed by the court.

Joint trials play a vital role in the criminal justice system. *Zafiro v. United States*, 506 U.S. 534, 538 (1993). They promote efficiency and "serve the interests of justice by avoiding the scandal and inequity of inconsistent verdicts." *Richardson v. Marsh*, 481 U.S. 200, 209-10 (1987). The Eighth Circuit has held that "[r]arely, if ever, will it be improper for

co-conspirators to be tried together." ***United States v. Jackson**, 64 F.3d 1213, 1217 (8th Cir. 1995)*; ***United States v. Warfield**, 97 F.3d 1014, 1018 (8th Cir. 1996)*.

In these cases, the court finds the government's position is well taken and the charges against defendants Briones-Hernandez, Correa-Gutierrez, and Orozco-Osbaldo should be tried together in a single trial.  Upon consideration,

**IT IS ORDERED:**

1.      The government's motions for joinder (Filing No. 24 in 8:08CR265, Filing No. 41 in 8:08CR267, and Filing No. 27 in 8:08CR268) are granted and the defendants Briones-Hernandez, Correa-Gutierrez, and Orozco-Osbaldo shall be tried in a single trial before Senior Judge Strom and a jury to commence **on March 16, 2009**, in Courtroom No. 5, Third Floor, Roman L. Hruska U.S. Courthouse, 111 South 18th Plaza, Omaha, Nebraska.  Correa-Gutierrez's objection, Filing No. 45 in 8:08CR267, is overruled.

2.      The government's motion to withdraw its motion for joinder in 8:08CR266 (Filing No. 46) is granted and the motion for joinder (Filing No. 24) and objection thereto (Filing No. 25) are termed on the docket.

3.      The government's motion to withdraw its motion for joinder in 8:08CR269 (Filing No. 40) is granted and the motion for joinder (Filing No. 28) and objection thereto (Filing No. 32) are termed on the docket.

4.      The government's oral motion to withdraw its motion for joinder in 8:08CR409 (Filing No. 6) is granted and the this motion is termed on the docket.

5.      The government's motion for joinder in 8:08CR305 (Filing No. 18) is denied as moot.

6.      Chaparro's motion to sever (Filing No. 40) in 8:08CR266 will be ruled on in a separate order.

**ADMONITION**

Pursuant to NECrimR 57.2 any appeal of this Order shall be filed with the Clerk of the Court within ten (10) business days after being served with a copy of this Order. Failure to timely appeal may constitute a waiver of any objection to the Order.  The brief

in support of any appeal shall be filed  at the time of filing such appeal.  Failure to file a brief in support of any appeal may be deemed an abandonment of the appeal.

DATED this 6th day of February, 2009.

BY THE COURT:

 s/Thomas D. Thalken
United States Magistrate Judge