# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | **8:08CR266** |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| **GABRIEL CHAPARRO,** | ) | |
| | ) | |
| Defendant. | ) | |

    This matter is before the court on the motion for severance (Filing No. 40) filed by defendant Gabriel Chaparro (Chaparro). Chaparro is charged in Count I of the Indictment with a conspiracy to distribute and possess with intent to distribute methamphetamine during the period of December 2006 through July 15, 2008, in violation of 21 U.S.C. § 846. Chaparro is also charged with the distribution of methamphetamine in violation of 21 U.S.C. § 841 in Count II (January 30, 2008), in Count III (February 13, 2008), and in Count VI (February 27, 2008). In Count IV Chaparro is charged with the February 12, 2008, possession of an unregistered short-barreled shotgun in violation of 26 U.S.C. § 5861(d). Chaparro is charged with the possession of a firearm by an unlawful user of a controlled substance in violation of 18 U.S.C. § 922(g)(3) in Count V (an assault rifle on February 25, 2008), in Count VII (a Ruger revolver on February 27, 2008), and in Count IX (a shotgun on May 12, 2008). In Count VIII, Chaparro is charged with possessing a stolen shotgun on May 8, 2008, in violation of 18 U.S.C. § 922(j)(1). Count X involves a forfeiture count seeking to forfeit all of the firearms set forth above.

    Chaparro seeks an order severing the trial of the firearm counts (Counts IV, V, VII, VIII, IX and X) from the methamphetamine counts (Counts I, II, III, and VI) pursuant to Fed. R. Crim. P. 14(a), which provides:

> If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires.

    Chaparro asserts he will be prejudiced by the joinder of the drug offenses and the firearms offenses at the same trial. Chaparro points to the character of the evidence being

different for the firearms offenses, video and audio tape, versus the live testimony on the narcotics conspiracy charge. As such, Chaparro asserts a jury could convict Chaparro based on considerations other than the facts of the individual charges.

In its brief to support a motion for joinder, the government states: "Further, the United States is aware that the firearms violations lodged against both Mr. Chaparro and Mr. Roman-Soriano are not tied to the narcotics conspiracy" **See** Filing No. 27, p. 5. However, the government further states the transactions involving the firearms were accomplished at times contemporaneous with meetings involved with drug transactions.

While, the firearms transactions were not part of the drug conspiracy scheme, the firearms transactions would be admissible for the purpose of identification and association in presenting the evidence on the drug conspiracy. **See *United States v. Cox***, 934 F.2d 1114, 1119 (10th Cir. 1991). Any possible prejudice is outweighed by the benefits and costs of a single trial where the trial judge could properly instruct the jury to separately consider the charges and evidence. The court is not required to grant a severance merely because Chaparro may have a better chance of acquittal in separate trials. ***United States v. Johnson***, 130 F.3d 1420, 1427-28 (10th Cir. 1997) (**citing *United States v. Hollis***, 971 F.2d 1441, 1457 (10th Cir. 1992)).

Upon consideration, Chaparro's motion for a severance of the trial on the firearms charges (Filing No. 40) is denied.

**IT IS SO ORDERED.**

## ADMONITION

Pursuant to NECrimR 57.2 any appeal of this Order shall be filed with the Clerk of the Court within ten (10) business days after being served with a copy of this Order. Failure to timely appeal may constitute a waiver of any appeal. The brief in support of any appeal shall be filed at the time of filing such appeal. Failure to file a brief in support of any appeal may be deemed an abandonment of the appeal.

DATED this 16th day of March, 2009.

BY THE COURT:

s/Thomas D. Thalken
United States Magistrate Judge

2