IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 8:08CR266 |
| | ) | |
| v. | ) | |
| | ) | |
| GABRIEL CHAPARRO, | ) | PRELIMINARY ORDER |
| | ) | OF FORFEITURE |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the Court upon the United States' Motion for Issuance of
Preliminary Order of Forfeiture (Filing No. 67).  The Court has reviewed the record in this case
and finds as follows:

1.  Defendant has entered into a Plea Agreement, whereby he has agreed to plead
guilty to Counts I, IV, V, VII, VIII, IX, X and XI of said Superseding Indictment.  Count I
charges the defendant with one count of conspiracy to distribute methamphetamine, in violation
of 21 U.S.C. § 846.  Count IV charges the defendant with one count of possession of an
unregistered firearm, in violation of 26 U.S.C. §§§ 5481, 5861(d) and 5871.  Count V charges the
defendant with one count of being an unlawful user of methamphetamine in possession of a
firearm, in violation of 18 U.S.C. 922(g)(3).  Count VII charges the defendant with one count of
being an unlawful user of methamphetamine in possession of a firearm, in violation of 18 U.S.C.
922(g)(3).  Count VIII charges the defendant with one count of possession of a stolen firearm, in
violation of 18 U.S.C. §§ 922(j)(1) and 924(a)(2).  Count IX charges the defendant with one
count of being an unlawful user of methamphetamine in possession of a firearm, in violation of
18 U.S.C. 922(g)(3).

2.  By virtue of said plea of guilty, the defendant forfeits his interest in the subject properties, and the United States should be entitled to possession of said properties, pursuant to 18 U.S.C. § 924(d), 28 U.S.C. § 2461(c) and 21 U.S.C. § 853.

3.  The United States' Motion for Issuance of Preliminary Order of Forfeiture should be sustained.  Accordingly,

IT IS ORDERED:

A.  The United States' Motion for Issuance of Preliminary Order of Forfeiture is hereby sustained.

B.  Based upon Count X of the Superseding Indictment and the defendant's plea of guilty, the United States is hereby authorized to seize the .410 Savage shotgun, Model: Hiawatha; the Intrac Arms International semi-automatic assault rifle, Model:  N59/66, caliber 7.62x39, serial number M-472775; the Ruger .357 caliber revolver, Model GP100, serial number 170-27634; the Mossberg 12 gauge short shotgun, Model 500A, serial number P584021; and the Sears Model 200, 20 gauge shotgun, serial number 116312.  Based upon Count XI of the Superseding Indictment and the Defendant's plea of guilty, the United States is hereby authorized to seize the $22,455.00 in United States currency seized from 6819 B Plaza, Apt, 96, on July 14, 2008; $370.00 in United States currency seized from Enrique Hurtado on July 15, 2008; $1,022.00 in United States currency seized from Juan Orozco on July 15, 2008; $4,372.00 in United States currency seized from 1924 South 17 Street on July 14, 2008.

C.  Defendant's interest in said properties is hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of 21 U.S.C. § 853(n)(1).

D. The aforementioned forfeited properties are to be held by the United States in its secure custody and control.

E.  Pursuant to 21 U.S.C., § 853(n)(1), the United States forthwith shall publish for at least thirty consecutive days on an official Government internet site (www.forfeiture.gov) notice of this Order, Notice of Publication evidencing the United States' intent to dispose of the properties in such manner as the Attorney General may direct, and notice that any person, other than the defendant, having or claiming a legal interest in any of the subject forfeited properties must file a Petition with the court within thirty days of the final publication of notice or of receipt of actual notice, whichever is earlier.

F.  Said published notice shall state the Petition referred to in Paragraph E., above, shall be for a hearing to adjudicate the validity of the Petitioner's alleged interest in the properties, shall be signed by the Petitioner under penalty of perjury, and shall set forth the nature and extent of the Petitioner's right, title or interest in the subject properties and any additional facts supporting the Petitioner's claim and the relief sought.

G.  The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the properties subject to this Order as a substitute for published notice as to those persons so notified.

H.  Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture pursuant to 21 U.S.C., § 853(n), in which all interests will be addressed.

DATED this 5th day of November, 2009.

BY THE COURT:

/s/ Lyle S. Strom

_____

LYLE E. STROM, Senior Judge
United States District Court